IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| BARRY W. FREEMAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 7:15-CV-150 |
| ) | |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## REPORT AND RECOMMENDATION

Plaintiff, Barry W. Freeman ("Freeman"), filed this action challenging the final decision of the Commissioner of Social Security ("Commissioner") determining that he was not disabled and therefore not eligible for supplemental security income ("SSI") under the Social Security Act ("Act"). 42 U.S.C. §§ 1381–1383f. Specifically, Freeman alleges that the Administrative Law Judge ("ALJ") improperly assessed Freeman's credibility about his pain complaints. I conclude that substantial evidence supports the ALJ's decision as a whole. Accordingly, I **RECOMMEND DENYING** Freeman's Motion for Summary Judgment (Dkt. No. 14), and **GRANTING** the Commissioner's Motion for Summary Judgment. Dkt. No. 16.

## STANDARD OF REVIEW

This court limits its review to a determination of whether substantial evidence exists to support the Commissioner's conclusion that Freeman failed to demonstrate that he was disabled under the Act.[1] Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001). "Substantial evidence is

---
[1] The Act deems a person disabled for SSI purposes "if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment, which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."

1

such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (internal citations and alterations omitted). The final decision of the Commissioner will be affirmed where substantial evidence supports the decision. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990).

## CLAIM HISTORY

Freeman protectively filed for SSI on December 8, 2010, claiming that his disability began on February 6, 2008. R. 165–71.[2] The Commissioner denied his application at the initial and reconsideration levels of administrative review. R. 67–76; 77–87. On October 28, 2013, ALJ Joseph T. Scruton held a hearing to consider Freeman's disability claim. R. 27–48. Freeman was represented by an attorney at the hearing, which included testimony from Freeman and vocational expert ("VE") Robert Jackson. See id.

On November 27, 2013, the ALJ entered his decision analyzing Freeman's claim under the familiar five-step process[3] and denying Freeman's claim for benefits. R. 12–21. The ALJ

---

42 U.S.C. § 1382c(a)(3)(A). Disability under the Act requires showing more than the fact that the claimant suffers from an impairment which affects his ability to perform daily activities or certain forms of work. Rather, a claimant must show that his impairments prevent him from engaging in all forms of substantial gainful employment given his age, education, and work experience. See 42 U.S.C. § 1382c(a)(3)(B).

[2] The ALJ noted that he had presided over Freeman's previous disability claim and that he had issued an unfavorable decision on June 10, 2011. The ALJ considered the findings he made in that opinion pursuant to the SSA's interpretation of Albright v. Comm'r, 174 F.3d 473 (4th Cir. 1999). See R. 12. Neither the Commissioner nor Freeman relies upon any findings in that opinion. Neither side objects to the ALJ's consideration of the opinion, and the opinion is not included in the record for my review. Therefore, I have evaluated the ALJ's conclusions as outlined in his opinion.

[3] The five-step process to evaluate a disability claim requires the Commissioner to ask, in sequence, whether the claimant: (1) is working; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of a listed impairment; (4) can return to his past relevant work; and if not, (5) whether he can perform other work. Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (per curiam) (citing 20 C.F.R. § 404.1520); Heckler v. Campbell, 461 U.S. 458, 460–62 (1983). The inquiry ceases if the Commissioner finds the claimant disabled at any step of the process. 20 C.F.R. § 404.1520(a)(4). The claimant bears the burden of proof at steps one through four to establish a prima facie case for disability. The burden shifts to the Commissioner at the fifth step to establish that the claimant maintains the residual functional capacity ("RFC"), considering the claimant's age,

2

found that Freeman suffered from the severe impairments including a history of Reiter's syndrome impacting his lower extremities; benign prostate hypertrophy; lumbago; hypertension; history of tachycardia and coronary artery disease; no useful right eye vision and left eye vision deficit partially corrected with over-the-counter reading glasses; and obesity. R. 15. The ALJ found that these impairments, either individually or in combination, did not meet or medically equal a listed impairment. Id. The ALJ further found that Freeman retained the RFC to perform sedentary work except that he can occasionally climb steps and ramps but not ladders or scaffolds; occasionally stoop, crouch, and kneel; would need in-place position changes at his work station; could do no more than occasional overhead reaching; may require one to two unscheduled bathroom breaks each day of no more than five minutes each; should not have exposure to hazards such as machinery or unprotected heights; and that he is able to read ordinary news/book-sized print. R. 16. The ALJ determined that Freeman could not return to his past relevant work as a cook (R. 20), but that Freeman could work at jobs that exist in significant numbers in the national economy such as assembler and inspector/grader (R. 21) consistent with the Fourth Circuit's decision in Pearson v. Colvin, 810 F.3d 204 (4th Cir. 2015). Thus, the ALJ concluded that Freeman was not disabled. Id. On February 26, 2015, the Appeals Council denied Freeman's request for review (R. 1–5), and this appeal followed.

## **ANALYSIS**

Freeman argues that the ALJ erred by failing to properly evaluate his credibility as to his complaints of disabling pain.

---

education, work experience, and impairments, to perform available alternative work in the local and national economies. 42 U.S.C. § 423(d)(2)(A); Taylor v. Weinberger, 512 F.2d 664, 666 (4th Cir. 1975).

## Credibility

Freeman claims that the ALJ's reasons for finding him only partially credible are not supported by substantial evidence. Pl.'s Br. Summ. J., 13. I find that substantial evidence supports the ALJ's credibility determination and that the ALJ's reasoning was sufficiently explained. See Monroe v. Colvin, __ F.3d __, 2016 WL 3349355, at *10 (4th Cir. 2016) (emphasizing that the ALJ must "build an accurate and logical bridge from the evidence to his conclusion"). Here, the ALJ carefully considered the evidence and his decision contains a summary and analysis that allow for meaningful review. Accordingly, I **RECOMMEND** that the decision be affirmed.

Credibility determinations are emphatically the province of the ALJ, not the court, and courts normally should not interfere with these determinations. See, e.g., Chafin v. Shalala, No. 92–1847, 1993 WL 329980, at *2 (4th Cir. Aug. 31, 1993) (per curiam) (citing Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) and Thomas v. Celebrezze, 331 F.2d 541, 543 (4th Cir. 1964)); Melvin v. Astrue, 6:06 CV 00032, 2007 WL 1960600, at *1 (W.D. Va. July 5, 2007) (citing Hatcher v. Sec'y of Health & Human Servs., 898 F.2d 21, 23 (4th Cir. 1989)). It is part of the ALJ's prerogative as a fact finder to consider the evidence as a whole in determining a claimant's credibility. "The determination or decision must contain specific reasons for the weight given to the individual's symptoms, be consistent with and supported by the evidence, and be clearly articulated so the individual and any subsequent reviewer can assess how the adjudicator evaluated the individual's symptoms." Titles II & XVI: Evaluation of Symptoms in Disability Claims: SSR 16-3P (S.S.A. March 16, 2016). Where the ALJ's determination is supported by substantial evidence, it should not be disturbed. See Johnson v. Barnhart, 434 F.3d 650, 658–59 (4th Cir. 2005) (per curiam) (citing Craig, 76 F.3d at 589). Accordingly, "this Court

must accept the ALJ's assessment of credibility unless it is unreasonable, contradicts other factual findings, or is based on an insufficient reason." Holloway v. Astrue, No. 4:11CV35, 2011 WL 7053614, at *8 (E.D. Va. Dec. 15, 2011) (citing Edelco, Inc. v. NLRB, 132 F.3d 1007, 1011 (4th Cir. 1997)).

In regards to a claimant's complaints of disabling pain, the ALJ considers the extent to which a claimant's symptoms could reasonably be accepted as consistent with the evidence of record. 20 C.F.R. § 416.929(a). However, a claimant's subjective complaints of pain will not, in themselves, establish disability. Id. A claimant must also prove that there are medical signs and laboratory findings that show a medical impairment that could reasonably be expected to produce the alleged pain and symptoms. Id. In evaluating a claimant's pain, the ALJ must consider a claimant's daily activities, the location, duration, frequency, and intensity of pain and symptoms, precipitating and aggravating factors, the type of medication taken and the relief it offers, treatment, other than mediation, that a claimant has received for pain relief, and any other measures a claimant has taken to relieve pain. 20 C.F.R. § 416.929(c).

Here, the ALJ found that Freeman's medically determinable impairments "could, in a broad sense, possibly be expected to cause some of the alleged symptoms." R. 18. However, the ALJ concluded that Freeman's statements regarding the intensity, persistence, and limiting effects of his alleged symptoms were not entirely credible. Id. In coming to this conclusion, the ALJ considered Freeman's medical records, his daily activities, and the medical opinions in the record.

First, the ALJ noted that the medical evidence "does not document worsening or deterioration of the claimant's condition" since his last application for benefits. R. 19. In his summary of the medical evidence, the ALJ noted that Freeman reported that the use of a cane,

5

brace, medications, and the use of a TENS unit were helping his pain. R. 17; see also R. 18 (noting from the record that Freeman's chronic back pain "generally remained well-controlled on Tramadol and Indocin."). The ALJ also noted at least one instance where Freeman reported to his doctors that he was "doing fairly well except for a cyst on his back still being sore." R. 18. At this visit, Freeman rated his pain at only a 2. Id. The ALJ also noted that Freeman's recent treatment history for his severe impairments has been conservative, and that most of his doctor visits leading up to the hearing concerned only his skin abscesses (id.), which were not alleged to be a severe impairment.

Second, the ALJ noted that Freeman's activities of daily living did not indicate disability because Freeman was able to live alone, use a computer, and drive to his doctor's office and the grocery store. R. 18. Indeed, Freeman's adult function report supports that conclusion because in it he reported that he could generally take care of his personal needs, make simple meals for himself, wash dishes and straighten his apartment with breaks, handle money, watch TV, play video games, and read. R. 200–08. At the hearing, Freeman testified that he could grocery shop but that he needed to lean on the cart for support, and that he needed a cane and a back brace to move about. R. 34; 39. Freeman also reported that he exercised sometimes. R. 36; 436. The ALJ concluded that this level of activity was inconsistent with Freeman's claims of disabling pain, and substantial evidence supports that decision.

Finally, the ALJ considered the medical opinions from two state agency physicians and a consultative examiner in coming to his conclusion that Freeman was not entirely credible in his reports of pain and its accompanying symptoms. R. 19–20. Joseph Duckwall, M.D., and Donald Williams, M.D., both examined Freeman's medical records and concluded that he was not disabled. R. 19. The ALJ noted that Drs. Duckwall and Williams determined that Freeman could

6

occasionally lift and/or carry twenty pounds; frequently lift ten pounds; stand or walk for approximately six hours of an eight-hour workday; sit for approximately six hours of an eight-hour workday; frequently climb stairs and balance; and occasionally climb ladders, stoop, kneel, crouch, and crawl. Id. The ALJ assigned these opinions "limited weight" (R. 19) and explained that he did so, in part, because the consultative examiner concluded that Freeman had more exertional limitations. Id. As for the consultative examiner, William Humphries, M.D., Dr. Humphries determined that Freeman could lift twenty-five pounds occasionally[4] and ten pounds frequently; sit for thirty minutes at a time and for a total of six hours; stand and walk for thirty minutes at a time and for a total of two hours; occasionally reach overhead with his upper extremities; frequently reach in other directions, handle, finger, and feel; never operate foot controls with the right foot; occasionally operate foot controls with the left foot; never crawl or climb stairs, ramps, ladders, or scaffolds; occasionally balance and kneel; frequently stoop and crouch; and that he would have environmental limitations. R. 19. Based in part on Dr. Humphries's opinion as to Freeman's limitations, the ALJ concluded that Freeman was not disabled.

The substantial evidence that the ALJ outlined in his opinion supports the ALJ's decision to find Freeman less than fully credible regarding his complaints of pain and his alleged limitations. Substantial evidence is "more than a mere scintilla" but may be less than a preponderance. Craig, 76 F.3d at 589. While Freeman takes issue with the ALJ's conclusion and points to other evidence in the record that is more favorable to him, the challenge to credibility must fail unless the ALJ's assessment was unreasonable, contradicted by other factual findings,

---

[4] Dr. Humphries's response on a check-the-box questionnaire indicates his opinion that Freeman can lift up to ten pounds frequently, eleven to twenty pounds occasionally, and can never lift twenty-one to fifty pounds. R. 240. The ALJ noted this inconsistency in his opinion and nevertheless founds that opinion deserved some weight and that it supported a limitation to sedentary work. R. 19.

7

or was based on an insufficient reason. Holloway, 2011 WL 7053614, at *8 (internal citations omitted). Freeman points to no contradictory factual findings, but instead points to various other evidence in the record that may support his conclusion over the ALJ's. This is essentially an invitation to reweigh the evidence in this case, and that is something I cannot do. Substantial evidence supports the ALJ's decision and it should not be disturbed.

## CONCLUSION

It is not the province of the court to make a disability determination. The court's role is limited to determining whether the Commissioner's decision is supported by substantial evidence, and in this case, substantial evidence supports the ALJ's opinion. The ALJ properly considered all of the objective and subjective evidence in adjudicating Freeman's claim for benefits and in determining that his impairments would not significantly limit his physical or mental ability to do basic work activities. Accordingly, I **RECOMMEND** that the Commissioner's decision be affirmed, the defendant's motion for summary judgment be **GRANTED**, and Freeman's motion for summary judgment be **DENIED**.

The Clerk is directed to transmit the record in this case to Michael F. Urbanski, United States District Judge, and to provide copies of this Report and Recommendation to counsel of record. Both sides are reminded that pursuant to Rule 72(b), they are entitled to note any objections to this Report and Recommendation within fourteen (14) days hereof. Any adjudication of fact or conclusion of law rendered herein by me that is not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to the conclusion reached by me may be construed by any reviewing court as a waiver of such objection.

Enter: August 12, 2016

*Robert S. Ballou*

Robert S. Ballou
United States Magistrate Judge