CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 13 2016

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| BARRY W. FREEMAN, | ) |
| Plaintiff, | ) ) ) |
| | ) Civil Action No. 7:15cv150 |
| v. | ) ) |
| CAROLYN W. COLVIN, | ) By: Michael F. Urbanski |
| Commissioner of Social Security, | ) United States District Judge |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

This social security disability appeal was referred to the Honorable Robert S. Ballou, United States Magistrate Judge, pursuant to 28 U.S.C. § 636(b)(1)(B), for proposed findings of fact and a recommended disposition. The magistrate judge filed a report and recommendation on August 12, 2016, recommending that plaintiff's motion for summary judgment be denied, the Commissioner's motion for summary judgment be granted and the Commissioner's final decision be affirmed. Plaintiff Barry W. Freeman has filed objections to the report and this matter is now ripe for the court's consideration.

I.

Rule 72(b) of the Federal Rules of Civil Procedure permits a party to "serve and file specific, written objections" to a magistrate judge's proposed findings and recommendations within fourteen days of being served with a copy of the report. See also 28 U.S.C. § 636(b)(1). The Fourth Circuit has held that an objecting party must do so "with sufficient

specificity so as reasonably to alert the district court of the true ground for the objection." United States v. Midgette, 478 F.3d 616, 622 (4th Cir.), cert denied, 127 S. Ct. 3032 (2007).

> To conclude otherwise would defeat the purpose of requiring objections. We would be permitting a party to appeal any issue that was before the magistrate judge, regardless of the nature and scope of objections made to the magistrate judge's report. Either the district court would then have to review every issue in the magistrate judge's proposed findings and recommendations or courts of appeals would be required to review issues that the district court never considered. In either case, judicial resources would be wasted and the district court's effectiveness based on help from magistrate judges would be undermined.

Id. The district court must determine de novo any portion of the magistrate judge's report and recommendation to which a proper objection has been made. "The district court may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3); accord 28 U.S.C. § 636(b)(1).

If, however, a party "'makes general or conclusory objections that do not direct the court to a specific error in the magistrate judge's proposed findings and recommendations,'" de novo review is not required. Diprospero v. Colvin, No. 5:13-cv-00088-FDW-DSC, 2014 WL 1669806, at *1 (W.D.N.C. Apr. 28, 2014) (quoting Howard Yellow Cabs, Inc. v. United States, 987 F. Supp. 469, 474 (W.D.N.C. 1997) (quoting Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982))). "The court will not consider those objections by the plaintiff that are merely conclusory or attempt to object to the entirety of the Report, without focusing the court's attention on specific errors therein." Camper v. Comm'r of Soc. Sec., No. 4:08cv69, 2009 WL 9044111, at *2 (E.D. Va. May 6, 2009), aff'd, 373 F. App'x 346 (4th Cir.), cert.

2

denied, 131 S. Ct. 610 (2010); see Midgette, 478 F.3d at 621 ("Section 636(b)(1) does not countenance a form of generalized objection to cover all issues addressed by the magistrate judge; it contemplates that a party's objection to a magistrate judge's report be specific and particularized, as the statute directs the district court to review only '*those portions* of the report or *specified* proposed findings or recommendations *to which objection is made*.'"). Such general objections "have the same effect as a failure to object, or as a waiver of such objection." Moon v. BWX Technologies, 742 F. Supp. 2d 827, 829 (W.D. Va. 2010), aff'd, 498 F. App'x 268 (4th Cir. 2012); see also Thomas v. Arn, 474 U.S. 140, 154 (1985) ("[T]he statute does not require the judge to review an issue de novo if no objections are filed").

Additionally, objections that simply reiterate arguments raised before the magistrate judge are considered to be general objections to the entirety of the report and recommendation. See Veney v. Astrue, 539 F. Supp. 2d 841, 844-45 (W.D. Va. 2008). As the court noted in Veney:

> Allowing a litigant to obtain de novo review of [his] entire case by merely reformatting an earlier brief as an objection "mak[es] the initial reference to the magistrate useless. The functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrates Act." Howard [v. Sec'y of Health & Human Servs.], 932 F.2d [505,] [] 509 [(6th Cir. 1991)].

539 F. Supp. 2d at 846. A plaintiff who reiterates his previously-raised arguments will not be given "the second bite at the apple [ ]he seeks;" instead, his re-filed brief will be treated as a general objection, which has the same effect as would a failure to object. Id.

3

## II.[1]

Freeman raised only one argument on summary judgment—that the Administrative Law Judge ("ALJ") improperly assessed his credibility. The magistrate judge rejected this argument, finding the ALJ's credibility determination is supported by substantial evidence in the record, and the ALJ's reasons for finding Freeman's complaints of disabling pain only partially credible were sufficiently explained. The magistrate judge declined Freeman's invitation to reweigh the evidence, holding the ALJ's credibility assessment was reasonable and supported by the factual findings.

In his objections, Freeman criticizes the magistrate judge's report for merely "recit[ing] the same evidence relied upon [by] the ALJ in making his determination without examining whether the evidence truly supports the ALJ's findings." Pl.'s Obj., ECF No. 23, at 1. But as the magistrate judge noted, it is not the court's role to reweigh the record evidence. Rather, the court's role on judicial review is to determine whether there is substantial evidence to support the factual findings of the ALJ and whether they were reached through the correct legal standard. Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996). The issue before the court "is not whether [Freeman] is disabled, but whether the ALJ's finding that [he] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." Id. (citing Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987)). In making that determination, the court must not "re-weigh conflicting

---

[1] Detailed facts about Freeman's impairments and medical and procedural history can be found in the report and recommendation (ECF No. 22) and in the administrative transcript (ECF No. 8). As such, they will not be repeated here.

4

evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary" or his designee, the ALJ. Id.

Notwithstanding Freeman's assertions to the contrary, the magistrate judge did not merely "adopt[ ] the ALJ's findings that because plaintiff's treatment was conservative in nature and he was able to live alone, use a computer, and drive to his doctor's office and the grocery store, plaintiff was not disabled." Pl.'s Obj., ECF No. 23, at 1.[2] Rather, the magistrate judge walked through all of the evidence cited by the ALJ in support of his determination that Freeman's statements concerning the intensity, persistence and limiting effects of his pain are not entirely credible, and the magistrate judge correctly concluded that substantial evidence supports the ALJ's decision in that regard. Freeman's conservative treatment and ability to care for himself were only two facts considered by the ALJ in assessing Freeman's credibility. As the ALJ's decision explains in detail, the record is devoid of objective medical evidence to support the degree of limitation Freeman claims to experience as a result of his chronic back pain and arthralgia. The treatment notes do not reflect a worsening of Freeman's condition since the unfavorable decision on his prior application for benefits. In fact, Freeman's most recent medical treatment has largely concerned abscesses on his back, as the ALJ observed. References to Freeman's severe impairments in these recent treatment records generally appear only as part his medical

---

[2] Freeman objects to the magistrate judge's reliance on Freeman's conservative treatment and daily activities as evidence supporting the ALJ's decision. But the magistrate judge's review of the evidence—like the ALJ's consideration of it— was not limited to Freeman's conservative treatment and daily activities as explain herein. In any event, Freeman raised this same argument on summary judgment, insisting "the ALJ did not evaluate the effect of plaintiff's pain on his residual functional capacity. Instead, the ALJ only stated that plaintiff lives alone, uses a computer daily, drives to his medical appointments, goes to the grocery store and has only undergone conservative treatment for his severe impairments." Pl.'s Summ. J. Br., ECF No. 15, at 15; see generally id. at 13-15. This argument not only mischaracterizes the ALJ's factual findings supporting his credibility determination but, repackaged as an objection to the magistrate judge's report, also does not entitle Freeman to de novo review by this court. See Veney v. Astrue, 539 F. Supp. 2d 841, 844-46.

5

history. There are no objective medical findings that support Freeman's statements as to his functional limitations.

Nor does the record contain any opinion from a treating physician as to Freeman's functional capacity. The reviewing state agency physicians determined Freeman has the ability to perform light work. (Administrative Record, hereinafter "R." 72, 74, 82, 84.) The consultative examiner Dr. Humphries, however, previously opined that Freeman is limited to sitting 30 minutes at a time for a total of 6 hours in an 8-hour workday and standing/walking 30 minutes at a time for a total of 2 hours. (R. 241.) Notably, Dr. Humphries found Freeman does not require use of a cane to ambulate, although Freeman walks with one, and opined the cane is not medically necessary. (R. 241.) Dr. Humphries also noted that upon discharge from the examination room, Freeman moved briskly, placing his left handed cane and right foot on the floor simultaneously. (R. 238.)

Freeman's complaints of pain alone are not enough to establish disability. The ALJ properly considered the available evidence, including Freeman's medical history and the objective medical findings, in determining how pain affects his ability to work. 20 C.F.R. § 416.929(a). Crediting Freeman's historical medical problems and complaints, and giving some weight to the opinion of Dr. Humphries as to Freeman's functional capacity, the ALJ limited Freeman to a range of sedentary work and ultimately found him not to be disabled at step five of the sequential evaluation process.

The magistrate judge correctly held that the ALJ employed the appropriate legal standard in making his credibility determination. The ALJ did not "get things backwards" in this case by comparing Freeman's alleged symptoms to the residual functional capacity

6

determination rather than the evidence of record, as was the case in Mascio v. Colvin, 780 F.3d 632, 639 (4th Cir. 2015). Instead, the ALJ included a lengthy narrative discussion of the medical and other evidence of record and "'buil[t] an accurate and logical bridge from the evidence to his conclusion'" that Freeman's statements concerning the intensity, persistence and limiting effects of his symptoms are not entirely credible. Monroe v. Colvin, 826 F.3d 176 (4th Cir. 2016) (quoting Clifford v. Apfel, 227 F.3d 863, 872 (7th Cir. 2000)).

Freeman argues that the magistrate judge "erroneously ignores the requirement of Walker v. Bowen, 889 F.2d 47, 49 (4th Cir. 1989) that when plaintiff has met the requisite pain standard, the ALJ is required to evaluated the effect of plaintiff's pain upon his residual functional capacity." Pl.'s Obj., ECF No. 23, at 3. This argument appears nearly word-for-word in Freeman's summary judgment brief, see Pl.'s Summ. J. Br., ECF No. 15, at 15, and the court rejects it, as the magistrate judge did. The magistrate judge correctly concluded that the ALJ properly evaluated Freeman's subjective complaints of pain in terms of his ability to function. The ALJ plainly credited Freeman's alleged symptoms and history of back and joint pain in limiting him to a range of sedentary work, given the dearth of objective medical findings to support any degree of limitation. The court finds no error in either the magistrate judge's report or the ALJ's credibility assessment. Credibility determinations are emphatically the province of the ALJ, not the court, and courts normally should not interfere with these determinations. See, e.g., Chafin v. Shalala, No. 92–1847, 1993 WL 329980, at *2 (4th Cir. Aug. 31, 1993) (per curiam) (citing Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990) and Thomas v. Celebrezze, 331 F.2d 541, 543 (4th Cir.

7

1964)); Melvin v. Astrue, 6:06 CV 00032, 2007 WL 1960600, at *1 (W.D. Va. July 5, 2007) (citing Hatcher v. Sec'y of Health & Human Servs., 898 F.2d 21, 23 (4th Cir. 1989)).

## III.

At the end of the day, it is not the province of a federal court to make administrative disability decisions. Rather, judicial review of disability cases is limited to determining whether substantial evidence supports the Commissioner's conclusion that the plaintiff failed to meet his burden of proving disability. See Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); see also Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966). To that end, the court may neither undertake a de novo review of the Commissioner's decision nor re-weigh the evidence of record. Hunter v. Sullivan, 993 F.2d 31, 34 (4th Cir. 1992). Evidence is substantial when, considering the record as a whole, it might be deemed adequate to support a conclusion by a reasonable mind, Richardson v. Perales, 402 U.S. 389, 401 (1971), or when it would be sufficient to refuse a directed verdict in a jury trial. Smith v. Chater, 99 F.3d 635, 638 (4th Cir. 1996). Substantial evidence is not a "large or considerable amount of evidence," Pierce v. Underwood, 487 U.S. 552, 565 (1988), but is more than a mere scintilla and somewhat less than a preponderance. Perales, 402 U.S. at 401; Laws, 368 F.2d at 642. If the Commissioner's decision is supported by substantial evidence, it must be affirmed. 42 U.S.C. § 405(g); Perales, 402 U.S. at 401.

The court has reviewed the magistrate judge's report, the objections to the report, and the administrative record and, in so doing, made a de novo determination of those portions of the report to which Freeman properly objected. The court finds that the magistrate judge was correct in concluding that there is substantial evidence in the record to

8

support the ALJ's decision. As such, the magistrate judge's report and recommendation will be adopted in its entirety.

An appropriate Order will be entered to that effect.

Entered: 09/13/2016

/s/ Michael F. Urbanski

Michael F. Urbanski
United States District Judge